

Scott H. Kaiser
Direct: 212-541-1195
Fax: 212-541-1375
scott.kaiser@bryancave.com

April 15, 2011

**VIA ECF FILING**

Hon. Kiyo A. Matsumoto
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Luis Padilla v. Bank of America, N.A., Inc. et al.*, Case No. 11-0709 (KAM) (LB)

Dear Judge Matsumoto:

This firm represents Bank of America, N.A., sued herein as Bank of America, N.A., Inc., ("Bank of America") and Mortgage Electronic Registration Systems, Inc., sued herein as Mortgage Electronic Registrations Systems, Inc., ("MERS") (collectively, "Defendants") in the action referenced above. Pursuant to Your Honor's Practice IV(B)(1), Defendants submit this letter to request the scheduling of a pre-motion conference to discuss Defendants' proposed motions to dismiss this case without prejudice to the right of Plaintiff Luis Padilla ("Plaintiff") to refile in the proper court, the federal district court in Miami, Florida, and in the alternative, to dismiss this action.

Plaintiff asserts ten causes of action against Defendants and various co-defendants. All claims arise from Plaintiff's May 24, 2006 purchase of a single family residence in Miami, Florida (Complaint, ¶ 35). Plaintiff asserts, *inter alia*, that he has been injured by the defendants' alleged predatory lending and fraud and by violations of various state and federal statutes. (Complaint, ¶ 1). He also alleges that the loan and mortgage on his Florida property should be rescinded because they were allegedly transferred without his knowledge from co-defendant Universal American Mortgage Company, LLC ("Universal") to Bank of America and then to a trust to be packaged as a mortgage-backed security. (Complaint, ¶¶ 20, 21, 33).

Motion to Dismiss Pursuant to 28 U.S.C. § 1404(a)

Defendants anticipate filing a motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Southern District of Florida. That section provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

Bryan Cave Offices
Atlanta
Charlotte
Chicago
Dallas
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
Milan
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

Bryan Cave International Trade
A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS
www.bryancavetrade.com
Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Hon. Kiyo A. Matsumoto  
April 15, 2011  
Page 2

Bryan Cave LLP

The Civil Cover Sheet filed by Plaintiff with the Complaint confirms that New York is not the proper forum. On that form, Plaintiff admits that the events or omissions giving rise to his claims did not occur anywhere in the Eastern District. (*See* Docket Entry 1, Attachment 1 at 2).

A motion to transfer requires the Court to weigh various factors including the locus of operative facts, the convenience and relative means of the parties, the convenience of witnesses, the availability of process to compel the attendance of witnesses, the location of physical evidence, the relative familiarity of the courts with the applicable law, the interest of trial efficiency, and a local interest in having localized controversies decided at home. *See New Son Yeng Produce, LLC v. A & S Produce, Inc.*, No. 07-cv-4922 (KAM)(RML), 2009 WL 2568566, at *3-4 (E.D.N.Y. Aug. 19, 2009) (Matsumoto, J.).

> "The location of operative events is a 'primary factor' in determining a 1404(a) motion to transfer, and when operative events occurred outside of the plaintiff's chosen forum, the factor of the plaintiff's chosen forum is given less weight.... [W]itnesses' convenience ... is generally viewed as the most important factor in the analysis."

*Id.* at *4 (granting motion to transfer to California, despite plaintiff's bringing action in New York where it was located) (citation omitted).

Application of these factors to this case makes clear that Florida is the most appropriate venue for this action. Although Plaintiff alleges that he resides in Queens County (Complaint, ¶ 2), aside from that fact, New York lacks any other connection to the operative events. Plaintiff's claims concern his purchase and financing of real property in Miami, Florida. In addition to his claims against Defendants, Plaintiff has sued the Florida builder of his home, Lennar Homes, Inc. ("Lennar"), the Florida originator of his loan, Universal, and the Florida loan broker, Residential Property Lenders ("Residential").[1] Plaintiff alleges that he learned of Residential "through a sign near the prospective home sight [sic] which said to contact loan broker, Carol Raul Garcia." (Complaint ¶ 37). Raul Garcia resides in Florida and is likely to be a critical witness in this action, given Plaintiff's extensive allegations concerning Raul Garcia's alleged actions. (*See, e.g.,* Complaint, ¶¶ 37-40, 42, 45). Also, Plaintiff's mortgage is governed by Florida law and the Note provides that monthly payments will be made in Miami, Florida.[2]

Defendants respectfully suggest that a motion under 28 U.S.C. § 1404(a) has merit and that this action should be transferred to the Southern District of Florida.

---

[1] Plaintiff's contract with Lennar contains a mandatory Florida venue provision: "an irrebuttable presumption exists that the only appropriate venue for the resolution of any dispute lies in the County [where the property is located]." A copy of this agreement, contained in Bank of America's loan files, will be provided at the pre-motion conference.

[2] Plaintiff purports to attach the Note and Mortgage as Exhibits A and B to the Complaint, but they are not included with the ECF-filed complaint. (Complaint, ¶ 44). Copies of these documents from Bank of America's loan files will be provided at the pre-motion conference.

C074810/0319857/1621598.1

Hon. Kiyo A. Matsumoto  
April 15, 2011  
Page 3

Bryan Cave LLP

In The Alternative, a Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)

Defendants also contemplate moving to dismiss Plaintiff's claims against them pursuant to FED. R. CIV. P. 12(b)(6). Numerous grounds exist that merit dismissal. First, Plaintiff has not articulated well-pleaded plausible allegations to satisfy the standards articulated by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Second, Plaintiff's fraud claims are not plead with the particularity required by FED. R. CIV. P. 9(b).[3] Third, Plaintiff's claims are barred by the applicable statutes of limitations.[4] Fourth, there is no basis for Plaintiff to assert claims under various California statutes when he is a New York resident and the transaction at issue in this litigation occurred in Florida. Fifth, there is no basis to impose liability upon Bank of America because, although it is now the servicer of Plaintiff's loan, it did not originate the loan.[5] (*See* Complaint, ¶ 54, alleging that the loan was "assigned, sold or transferred" from Universal to Bank of America).

Proposed Briefing Schedule

Defendants propose that the Court set the following briefing schedule for the proposed motion to transfer: moving papers to be served on or before May 13, 2011; opposition papers (if any) to be served on or before June 10, 2011; reply papers (if any) to be served on or before June 24, 2011. If the motion to transfer is denied, Defendants request that at that time, the Court set a briefing schedule for their Rule 12(b)(6) motion.

Respectfully submitted,

Scott H. Kaiser

cc:  David A. Bellon, Esq. (*attorney for Plaintiff*) (*via e-mail*)  
     Eli R. Mattioli, Esq. (*attorney for co-defendants*) (*via ECF Filing*)

---

[3] Rule 9(b) requires that allegations of fraud "(1) specify the statements, oral, or written, that the plaintiff contends were fraudulent, either as misrepresentations or containing fraudulent omissions; (2) identify the speaker or the writer; (3) state where, when and to whom the statements were made; and (4) explain why the statements were fraudulent." *Verus Pharm., Inc. v. Astrazeneca AB*, No. 09 Civ. 5660 (BSJ), 2010 WL 3238965, at *11 (S.D.N.Y. Aug. 16, 2010).

[4] Plaintiff's claims accrued on May 24, 2006, the date on which he executed the Mortgage. (Complaint, ¶ 44). Plaintiff's TILA claim (cause of action 4) is subject to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Plaintiff's RESPA claim (cause of action 5) is subject to either a one-year or a three-year time bar. *See, e.g., Johnson v. Scala*, No. 05 Civ. 5529 (LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007). Plaintiff's fraud claims (causes of action 1 through 3), governed by Florida law pursuant to the Mortgage, are subject to a four-year statute of limitations. *See* FLA. STAT. ch. 95.11(3)(j). Plaintiff's California deceptive trade practice claims (causes of action 6 and 8) are also subject to a four-year statute of limitations. *See* California Business and Professions Code § 17208.

[5] *See, e.g.*, 15 U.S.C. § 1641(e) (limiting liability under TILA of an assignee).