# K&L|GATES

K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030

T 212.536.3900    www.klgates.com

April 15, 2011

Eli R. Mattioli
D 212.536.4019
F 212.536.3901
eli.mattioli@klgates.com

**Via ECF Filing**

The Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Padilla v. Bank of America, N.A., et al. (Case No.: CV 11-0709 (KAM) (LB))
     <u>Application for Pre-Motion Conference</u>

Dear Judge Bloom:

On behalf of defendants Universal American Mortgage Company, LLC ("UAMC"), Universal American Mortgage Company of California ("UAMC California"), and Lennar Homes, Inc. ("Lennar") (collectively, "Defendants"), I respectfully request a pre-motion conference with the Court to seek leave to file a motion to transfer venue of this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

By way of background, this action arises from Plaintiff's purchase of a single family residence located in Miami County in the State of Florida from Lennar, the homebuilder, in May 2006. The purchase was financed by Plaintiff with a home mortgage loan which he procured from UAMC with the assistance of Raul Garcia ("Garcia"), a Miami-based loan broker. Plaintiff now contends that during the mortgage application process, Garcia and UAMC engaged in a series of deceptive acts that resulted in Plaintiff being charged excessive mortgage closing costs and inflated monthly interest payments which Plaintiff was either unwilling or unable to pay.

The basis for Defendants' motion is straightforward. In essence, virtually every factor relevant to a §1404(a) analysis of the "convenience of the parties and witnesses" and the "interests of justice" weighs in favor of a transfer because Florida-centric facts and events predominate. Plaintiff can point to only one factor to the contrary — his signing certain documents in New York in the presence of a notary after having actually transacted both the subject loan and related home purchase in Florida. That factor, however, is substantially

# K&L | GATES

The Honorable Lois Bloom
April 15, 2011
Page 2

outweighed by every other relevant fact, including where the subject property is located, where its purchase and the related loan originated, where all material witnesses and documents are located, what law governs the loan and other aspects of plaintiff's claims, and even what forum plaintiff agreed to in the purchase contract — Florida — potentially undermining whatever objection he may now lodge in opposition to transfer.

Among the factors weighing strongly in favor of a transfer:

- Florida is the "locus of the operative facts" in this action. Not only is the mortgaged property located in Miami, Florida (¶ 35), but the defendants who allegedly spearheaded the loan transaction are also all headquartered in Florida. ¶¶ 4-6, 8.[1] Moreover, the loan was allegedly arranged in Florida by, among others, Garcia and UMAC. ¶¶ 36-43.

- The key party and non-party witnesses reside in Florida or neighboring states. Party witnesses include Miami-based representatives of UAMC. The key non-party witness, Garcia, is also presumably still working in Miami. Likewise, any former employees of UAMC who worked on Plaintiff's loan are believed to be in Florida.

- Since virtually all of the party and non-party witnesses are located in or around Miami, it will be much more expensive to obtain their presence in New York than in Florida.

- Most, if not all, of the pertinent documents relating to the mortgage transaction are located in Miami, where UAMC is headquartered.

- A U.S. District Court sitting in Florida will be more familiar with the Florida common law governing Plaintiff's fraud and negligent misrepresentation claims. Moreover, Plaintiff would not be prejudiced if a federal court in Florida, rather than New York, decided his California state law claims, although it should be noted that the complaint does not allege a single California contact with this case. And while Plaintiff makes vague reference to a cause of action against UAMC purportedly arising under provisions of New York law, he neglects to identify what law or regulation is implicated. *See* ¶¶ 116-127. To the extent such a claim exists (which is highly doubtful), it is still the case that the vast majority of Plaintiff's claims will be decided under either federal or Florida law (or else, under the laws of a jurisdiction other than New York), making a Florida court a more appropriate forum for the resolution of this action.

---

[1] Paragraphs in the Complaint are cited to herein as "¶ __".

# K&L|GATES

The Honorable Lois Bloom
April 15, 2011
Page 3

As a result, there is ample basis for the Court to permit Moving Defendants to proceed with their transfer motion.

Moving Defendants propose the following briefing schedule for the Transfer Motion:

| | |
|---|---|
| Opening Briefs by Defendants: | May 24, 2011 |
| Opposition Brief by Plaintiff: | July 5, 2011 |
| Reply Briefs by Defendants: | July 19, 2011 |

I look forward to the opportunity to further discuss these issues in person at the pre-motion conference.

Very truly yours,

Eli R. Mattioli

cc: David A. Bellon, Esq.
Suzanne M. Berger, Esq.
Scott H. Kaiser, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LUIS PADILLA
                Plaintiff,

    -against-

BANK OF AMERICA, N.A., INC., UNIVERSAL AMERICAN MORTGAGE COMPANY. LLC, UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, RESIDENTIAL PROPERTY LENDERS. LENNAR HOMES, INC., MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., BRITE INVESTMENT REALTY F/K/A ERA BRIGHT INVESTMENT REALTY, INC., FIDELITY NATIONAL TITLE COMPANY,
"XYZ, CORP."(SAID NAME BEING FICTITIOUS, IT BEING THE INTENTION OF PLAINTIFF TO DESIGNATE ANY PARTIES, CORPORATIONS OR ENTITIES, IF ANY, HAVING OR CLAIMING AN INTEREST OR LIEN UPON THE MORTGAGE PREMISES,
                Defendants.
-------------------------------------------------------------------x

Case No. 11-CV-0709 (KAM) (LB)

**CERTIFICATE OF SERVICE**

    I, Eli R. Mattioli, hereby certify that on the 15th day of April, 2011, I caused a true and correct copy of Eli R. Mattioli's April 15th, 2011 letter to the Honorable Judge Bloom to be served by FedEx, addressed to:

David A. Bellon, Esq.
The Law Firm of Jeffrey Galperin
148-03A Hillside Avenue
Jamaica, New York 11435
*Attorneys for Plaintiff Luis Padilla*


Dated: April 15, 2011

K&L GATES LLP
/s/ Eli R. Mattioli
Eli R. Mattioli (EM-1329)
599 Lexington Avenue
New York, New York 10022-6030
Email: Eli.Mattioli@klgates.com
Telephone: 212-536-3900
Facsimile: 212-536-3901

*Attorneys for Defendants*
*Universal American Mortgage Company LLC,*
*Universal American Mortgage Company of*
*California and Lennar Homes, Inc.*

NY-872194 v1